**AMERICAN CRYSTAL SUGAR COM-PANY, a corporation,
Plaintiff,**

v.

**The CUBAN–AMERICAN SUGAR COM-PANY, a corporation,
Defendant.**

United States District Court
S. D. New York.
May 11, 1956.

Cahill, Gordon, Reindel & Ohl, New York City, for plaintiff. Marshall P. Madison, Pillsbury, Madison & Sutro, San Francisco, Cal., Mason A. Lewis, Lewis, Grant & Davis, Denver, Colo., Robert G. Zeller, Cahill, Gordon, Reindel & Ohl, New York City, of counsel.

Appell, Austin & Gay, New York City, for defendant. Cyrus Austin, New York City, of counsel.

LEVET, District Judge.

This is a motion under Rules 8(a), 8 (e) and 12(f) of the Federal Rules of Civil Procedure, 28 U.S.C.A. to strike a certain paragraph from the complaint in this action. This is a civil action for alleged violation of Sections 12 and 16 of the Clayton Act, 15 U.S.C.A. §§ 22, 26, to prevent and restrain the violation by the defendant of Section 7 of said Act, 15 U.S.C.A. § 18.

The pleadings show that the plaintiff allegedly is engaged in the manufacture of sugar from sugar beets; the defendant is a producer of sugar from raw sugar cane produced in Cuba. The plaintiff is said to be a publicly-held corporation with 364,017 common shares and 58,969 shares of preferred stock issued and outstanding. The defendant is alleged to have purchased certain shares of the plaintiff's common stock so that on January 31, 1956 the said defendant is claimed to have owned, directly or indirectly, 83,600 shares of the plaintiff's common stock, or approximately 19.8% of the voting stock of the plaintiff.

In paragraph 23 of the complaint, the plaintiff alleges: "On the 2d day of

 

February, 1956, plaintiff's chairman of the board addressed a letter to defendant's chairman of the board reading as follows:". Here follows a certain letter among other things stating that "Our companies are in direct and continuous competition with each other in the marketing of refined sugar, you of course with cane; we with beet." The same paragraph of the complaint then alleges: "On the 17th day of February, 1956, defendant's chairman of the board wrote a letter to plaintiff's chairman of the board reading as follows:". Then follows a certain letter with several paragraphs contained therein disputing several of the contentions of the plaintiff set forth in the first letter above mentioned. The same paragraph 23 of the complaint then continues: "On the 27th day of February, 1956, plaintiff's chairman of the board replied as follows:". Here follows another letter, allegedly written by the plaintiff to the defendant, in which the plaintiff, among other things, apparently enunciates its intention of submitting the problems raised between the parties to the Department of Justice and the Securities and Exchange Commission.

To answer this paragraph of the complaint, which includes over eight pages of typing, presents to the defendant a substantial difficulty in pleading. This constitutes prejudice to the defendant in connection with the formation of the triable issues in this case. The defendant may well question the nature of the answer to be addressed to such paragraph: Is it the sending of the letters, the receipt of the letters, or is it a mass of material contained in said letters? Consequently, the requirement of Rule 8(a), to the effect that each averment of a pleading shall be simple, concise and direct, would appear to be violated to the prejudice of the defendant.

Accordingly, pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, this paragraph must be stricken from the pleading.

The plaintiff shall, within ten days after receipt of notice of entry of order herein, serve an amended complaint, omitting said paragraph, and if it elects to do so, allege in proper form any material allegation necessary as a substitution for any pertinent matter or matters therefrom.

Settle order on notice.